UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| -v- | No. 08-cr-789-6 (RJS) |
| MILTON SAMUELS, | ORDER |
| Defendant. | |

RICHARD J. SULLIVAN, Circuit Judge:

The Court is in receipt of Defendant Milton Samuels' *pro se* letter motion requesting modification of his sentence under 18 U.S.C. § 3582 and § 3742. (Doc. No. 424.) He argues that "extraordinary and compelling reasons" warrant a reduction in his sentence, that there was "[l]egally [i]nsufficient [e]vidence for the [j]udgment," and that his sentence for violating 21 U.S.C. § 846 is "a legal impossibility." (*Id.* at 1–2.) For the reasons set forth below, the Court DENIES Samuels' motion.

The Court "may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Roberts*, No. 18-cr-528 (JMF), 2020 WL 1700032, at *1 (S.D.N.Y. Apr. 8, 2020) (internal quotation marks omitted). Section 3582(c)(1)(A) provides one such exception, often referred to as "compassionate release." Through that provision, the Court may "reduce" a defendant's sentence where "extraordinary and compelling reasons warrant such a reduction," and such relief would be consistent with both the factors in 18 U.S.C. § 3553(a) and "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Without a motion from the Bureau of Prisons ("BOP"), however, the Court "may not" grant compassionate release unless the defendant either (1) "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf" or (2) waited "30 days from the

receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

Samuels satisfies neither the procedural hurdle necessary for this Court to consider his compassionate release motion on the merits nor the substantive requirement of identifying extraordinary and compelling reasons warranting a reduction in his sentence. First, he does not state whether he has "fully exhausted all administrative rights to appeal" as § 3582(c)(1)(A) requires for this Court to consider the merits of his motion. In fact, his letter makes no mention of any requests to the BOP. Second, even if Samuels could satisfy that procedural hurdle, he fails to identify extraordinary and compelling reasons warranting a reduction in his sentence. Samuels' contentions – that there was legally insufficient evidence for the judgment and that his sentence for violating 21 U.S.C. § 846 was a legal impossibility – are directed at the lawfulness of his conviction and are more appropriate in the context of a 28 U.S.C. § 2255 habeas petition; they are not akin to the extraordinary and compelling reasons set forth in the advisory Sentencing Guidelines, such as terminal illness, serious functional or cognitive impairment, or the death or incapacitation of the caregiver of the defendant's minor children. *See* U.S.S.G. § 1B1.13 cmt. n.1. Accordingly, Samuels' motion, to the extent it is made under 18 U.S.C. § 3582, is denied.

Furthermore, to the extent that Samuels asks this Court to vacate his conviction and sentence under 28 U.S.C. § 2255, the Court dismisses that request. Samuels previously made a motion to vacate his conviction pursuant to § 2255, which the Court denied. (Doc. No. 343.) He subsequently made a second or successive habeas petition, which the Court dismissed and declined to transfer to the Second Circuit. (Doc. No. 393.) This request would thus be Samuels' third habeas petition. Successive habeas petitions "must be certified . . . by a panel of the appropriate court of appeals to contain" either (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence

that no reasonable factfinder would have found the movant guilty of the offense" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Samuels' contentions do not address either prong, and thus the Court must dismiss his motion as a successive habeas petition. *See id.* Although 28 U.S.C. § 1631 grants this Court discretion to transfer Samuels' third § 2255 petition to the Second Circuit, this Court will not exercise such discretion because the petition does not assert newly discovered evidence that could reduce or vacate Samuels' sentence and does not invoke a new rule of constitutional law. *See Herrera-Gomez v. United States*, 755 F.3d 142, 145 (2d Cir. 2014).

Accordingly, IT IS HEREBY ORDERED THAT Samuels' letter motion is DENIED. In addition, because Samuels has not "made a substantial showing of the denial of a constitutional right," the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *see also Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005). Furthermore, because any appeal would "lack[] an arguable basis in law or fact," *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995), the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, Samuels may not proceed *in forma pauperis*. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to terminate the motion pending at Doc. No. 424 and to mail a copy of this order to Samuels.

SO ORDERED.

Dated: July 30, 2020
New York, New York

_
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation