UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v-<br><br>MILTON SAMUELS,<br><br>Defendant. | No. 08-cr-789-6 (RJS)<br>ORDER |

RICHARD J. SULLIVAN, Circuit Judge:

The Court is in receipt of Defendant Milton Samuels' *pro se* letter motion requesting a modification of his sentence. (Doc. No. 430.) He argues that his sentence for violating 21 U.S.C. § 846 is a "legal impossibility" that renders it a "miscarriage of justice," a violation of the Fourteenth Amendment's Equal Protection Clause, and a violation of the Eighth Amendment's prohibition against cruel and unusual punishments and excessive fines. (*Id.* at 2.) He also contends that there is a disparity between his sentence and the sentences of other similarly situated defendants that can be explained by discrimination against him because he is Jamaican. (*Id.* at 1–2.) For the reasons set forth below, the Court DISMISSES Samuels' motion.

Although Samuels cites no legal authority under which he brings his motion, the Court construes it as a request to vacate his conviction and sentence under 28 U.S.C. § 2255. Samuels previously made a motion to vacate his conviction pursuant to § 2255, which the Court denied. (Doc. No. 343.) He subsequently made a second or successive habeas petition, which the Court dismissed and declined to transfer to the Second Circuit. (Doc. No. 393.) He recently brought a third habeas petition (his second successive petition), which the Court also dismissed and declined to transfer to the Second Circuit. (Doc. No. 427.) This motion would thus be Samuels' fourth habeas petition (his third successive petition). Samuels provides the Court with no reason to revisit its previous rulings.

Successive habeas petitions "must be certified . . . by a panel of the appropriate court of appeals to contain" either (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).  Samuels' contentions do not address either prong, and thus the Court must dismiss his motion as a successive habeas petition.  *See id.*  Although 28 U.S.C. § 1631 grants this Court discretion to transfer Samuels' fourth § 2255 petition to the Second Circuit, this Court will not exercise such discretion because the petition does not assert newly discovered evidence that could reduce or vacate Samuels' sentence and does not invoke a new rule of constitutional law.  *See Herrera-Gomez v. United States*, 755 F.3d 142, 145 (2d Cir. 2014).

Accordingly, IT IS HEREBY ORDERED THAT Samuels' letter motion is DISMISSED.  In addition, because Samuels has not "made a substantial showing of the denial of a constitutional right," the Court will not issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(2); *see also Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005).  Furthermore, because any appeal would "lack[] an arguable basis in law or fact," *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995), the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, Samuels may not proceed *in forma pauperis*.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is respectfully directed to terminate the motion pending at Doc. No. 430 and to mail a copy of this order to Samuels.

SO ORDERED.

Dated:   August 17, 2020
         New York, New York

                                        RICHARD J. SULLIVAN
                                        UNITED STATES CIRCUIT JUDGE
                                        Sitting by Designation