UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

MILTON SAMUELS,

Defendant.

No. 08-cr-789-6 (RJS)

MEMORANDUM OPINION & ORDER

RICHARD J. SULLIVAN, Circuit Judge:

Defendant Milton Samuels has filed two *pro se* motions seeking collateral relief from his conviction and sentence. First, Samuels requests compassionate release under the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 434 ("Samuels Mot.").)[1] Second, Samuels alleges a "Lack of Personal Jurisdiction" over his criminal case and seeks "jurisdictional discovery as to both this Court and the United States of America." (Doc. No. 448 ("Samuels Letter").) For the reasons set forth below, Samuels's motion for compassionate release is DENIED without prejudice, and his motion asserting a "Lack of Personal Jurisdiction," which the Court construes as a successive habeas petition, is TRANSFERRED to the United States Court of Appeals for the Second Circuit.

I. Background

The Court has previously recounted the facts surrounding Samuels's conviction in some detail, *see McLean v. United States*, Nos. 12-cv-1954 (RJS), 12-cv-7362 (RJS), 12-cv-7559 (RJS),

---

[1] Unless otherwise indicated, citations to docketed items refer to those materials that appear on ECF in Samuels's criminal case, *United States v. Samuels*, No. 08-cr-789-6 (RJS). The Court has considered Samuels's motion for compassionate release (Doc. No. 434), the government's opposition to his motion for compassionate release (Doc. No. 436), Samuels's reply (Doc. No. 445), and Samuels's letter asserting a "Lack of Personal Jurisdiction," (Doc. No. 448), as well as the exhibits attached thereto, including Samuels's medical records, some of which have been redacted or sealed because of Samuels's privacy interest (Doc. No. 437).

08-cr-789 (RJS), 2016 WL 3910664, at *2–*3 (S.D.N.Y. July 13, 2016), and so will only reference those facts necessary to resolve the pending motions.

Between early 2007 and 2008, Samuels participated in a conspiracy to distribute hundreds of kilograms of cocaine through the New York and New Jersey areas. (Trial Tr. 1388:10–12, 1391:21–25.) Specifically, Samuels provided security, or "muscle," for the leaders of the conspiracy and participated as armed "backup" during a dispute between one of the leaders and his supplier. (Trial Tr. 578:21–25, 585:21–23, 1395:10–13.)

On November 5, 2008, a grand jury in the Southern District of New York returned an indictment charging Samuels with participating in a conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (Doc. No. 40.) On February 18, 2009, the grand jury returned a second superseding indictment adding a second count that charged Samuels with using and possessing a firearm in furtherance of the drug conspiracy in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. No. 70.)

On March 16, 2009, trial commenced on the superseding indictment against Samuels and one of his co-conspirators. (*See* Minute Entry for Proceedings, dated March 16, 2009.) After nine days of trial, the jury convicted Samuels on both counts. (Trial Tr. 1646:13–1647:25.) On November 13, 2009, the Court sentenced Samuels to 276 months' imprisonment (*id.* 40:5–23), well below the Guidelines range of life imprisonment (*id.* 21:1–2). Samuels subsequently appealed his conviction and sentence (Doc. No. 162), and on April 5, 2011, the Second Circuit affirmed the Court's judgment in its entirety, *see United States v. Sanchez*, 419 F. App'x 27, 30–33 (2d Cir. 2011). The Supreme Court denied Samuels's petition for a writ of certiorari on October 3, 2011. *See Samuels v. United States*, 565 U.S. 884 (2011). According to the Bureau of Prisons ("BOP")

website, Samuels's current projected release date is May 28, 2028. (Doc. No. 436 ("Gov't Opp.") at 4.)

On September 27, 2012, Samuels, proceeding *pro se*, filed a petition for the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2255. (No. 12-cv-7362, Doc. No. 1.) Samuels principally asserted that he was denied the effective assistance of counsel at trial and at sentencing. (No. 12-cv-7362, Doc. No. 3, at 5–6.) On July 13, 2016, the Court denied Samuels's petition in all respects. (Doc. No. 343 at 17–26.) On five separate occasions since then, the Court has denied Samuels's subsequent challenges to his conviction (styled in various ways) as successive habeas petitions. (Doc Nos. 371, 393, 404, 427, 431.)

Less than a month after the Court denied the fifth of these successive habeas petitions, Samuels filed the two challenges currently before the Court. In the first challenge, a motion dated September 14, 2020, Samuels seeks compassionate release pursuant to the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A), in light of the COVID-19 pandemic. (Samuels Mot. at 2.) In addition to general arguments about the severity of the pandemic and its effect on federal prison populations, Samuels argues that his particular medical conditions, including "urinary tract issues, hypertension, Diabetes Type II, [and] Dermatophytosis," leave him "immunocompromised . . . and make him pron[e] to contracting COVID-19." (*Id.* at 7.)

Samuels's second challenge is a letter, dated September 22, 2020, which is styled as a "Judicial Notice of pending [] legal action to commence regarding [] Lack of Personal Jurisdiction." (Samuels Letter at 1.) In the letter, Samuels appears to assert that the Court lacks personal jurisdiction over his criminal matter, and he seeks "jurisdictional discovery as to both this Court and the United States of America." (*Id.*) Attached to the letter is a summary of a civil case from the Ninth Circuit. (*Id.* at 3–4.)

3

## II.  Discussion

### A.  Samuels's motion for compassionate release is denied without prejudice because he has not exhausted his administrative remedies as required by § 3582(c)(1)(A).

"[A] court may not modify a term of imprisonment once it has been imposed except pursuant to statute."  *United States v. Ogarro*, No. 18-cr-373-9 (RJS), 2020 WL 1876300, at *2 (S.D.N.Y. Apr. 14, 2020) (quoting *United States v. Roberts*, No. 18-cr-528 (JMF), 2020 WL 1700032, at *1 (S.D.N.Y. Apr. 8, 2020)).  "Section 3582(c)(1)(A) provides one such exception, often referred to as 'compassionate release.'"  *Id.*  Under that provision, a court "may reduce [a defendant's] term of imprisonment . . . after considering the factors set forth in section 3553(a)" if it finds that, among other circumstances not present here, "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A).

Importantly, a court may only "reduce [a defendant's] term of imprisonment" "upon motion of the Director of the Bureau of Prisons[] or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  *Id.*  This Court has previously concluded that if a defendant seeks compassionate release where the BOP has not filed a motion in support, § 3582(c)(1)(A)'s exhaustion requirement is "unambiguous and mandatory" and must therefore "be strictly enforced."  *Ogarro*, 2020 WL 1876300, at *3 (internal quotation marks and alteration omitted); *see also Roberts*, 2020 WL 1700032, at *2–3; *United States v. Woodson*, 452 F. Supp. 3d 31, 34–35 (S.D.N.Y. Apr. 6, 2020); *United States v. Hernandez*, 19-cr-834 (PAE), 2020 WL 1445851, at *1 (S.D.N.Y. Mar. 25, 2020).

Samuels has failed to fully exhaust his administrative remedies as required by § 3582(c)(1)(A).  Although Samuels insists that he has "adequately requested" relief from the

4

Warden, (Doc. No. 445 ("Samuels Reply") at 2), the government is correct that Samuels has only requested that the BOP place him in home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, 18 U.S.C. § 3624(c); he has *not* requested that the BOP file a motion with this Court for compassionate release, (*see* Samuels Mot. Ex. A).  Compassionate release under § 3582 and home confinement under § 3624(c) "are ultimately different statutory schemes with different considerations underlying each."  *United States v. Vigna*, 455 F. Supp. 3d 68, 75 n.3 (S.D.N.Y. 2020).  As there is no indication from the Warden's denial letter that the BOP construed Samuels's request as one for compassionate release, the Court finds that Samuels has not exhausted his request for relief under § 3582(c)(1)(A).

Moreover, a denial from the Warden, alone, is insufficient to establish exhaustion.  Under § 3582(c)(1)(A), a court may only grant a motion for compassionate release if the defendant "has fully exhausted all administrative rights *to appeal* a failure of the [BOP] to bring a motion on the defendant's behalf" or waited 30 days from the Warden's receipt of his request for compassionate release without receiving a response.  18 U.S.C. § 3582(c)(1)(A) (emphasis added).  Accordingly, if the Warden denies Samuels's request for compassionate release, Samuels must still satisfy "the same exhaustion procedure" that applies to "routine administrative grievances."  *United States v. Ng Lap Seng*, 459 F. Supp. 3d 527, 537 (S.D.N.Y. 2020).  That process includes appeals to both the appropriate Regional Director and the BOP General Counsel.  *See* 28 C.F.R. § 542.15 ("Appeal to the General Counsel is the final administrative appeal."); *see also* 28 C.F.R. § 571.63 (noting that a warden's denial may be appealed through the "Administrative Remedy Procedure").

In his reply, Samuels argues that "the Warden does not have the authority to grant relief under Title 18 U.S.C. § 3582(c)(1)(A)," and so any request to the Warden would effectively be futile.  (Samuels Reply at 2 n.1.)  But this argument misunderstands what Samuels must request

5

from the BOP. While it is true that, unlike the CARES Act, the First Step Act does not permit BOP to unilaterally grant Samuels relief, the Act does permit the BOP to file a motion with the Court on Samuels's behalf requesting compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). Indeed, prior to the enactment of the First Step Act, "a court could not order compassionate release unless the BOP made an affirmative request on a prisoner's behalf." *Ogarro*, 2020 WL 1876300, at *2. So "while the First Step Act stripped from the BOP the ability to unilaterally *deny* a prisoner compassionate release, it did not remove the BOP from the process entirely." *Id.* (emphasis added). Accordingly, Samuels is still required to ask the BOP to file a request on his behalf before he may pursue relief directly with this Court pursuant to 18 U.S.C. § 3582(c)(1)(A). If the BOP grants Samuels's request, the Court will consider the BOP's motion at that time. Otherwise, until Samuels has waited at least 30 days after submitting his request without receiving a response, or until Samuels has exhausted his administrative appeal from the Warden's denial of his request, the Court is powerless to grant his motion for compassionate release.

**B.**     **Samuels's assertion that the Court lacks personal jurisdiction over his criminal case is construed as a successive habeas petition and transferred to the Court of Appeals.**

Samuels's second challenge, styled as a letter asserting that the Court "Lack[s] . . . Personal Jurisdiction" over his criminal case (Samuels Letter at 1), appears to be the latest in a series of collateral attacks to his conviction.[2] As with several of Samuels's previous challenges, Samuels's letter cites no legal authority for the request. Nevertheless, the Court construes it as one to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.

---

[2] Although it is not entirely clear from the letter, it appears that Samuels may also be seeking records from his criminal case pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a. (*See* Samuels Letter at 1–2.) To the extent that Samuels is making such a request from the Court, it is denied, as the Court is not an "agency" of the United States. *See* 5 U.S.C. §§ 551(1)(B), 552(f), 552a(a)(1).

"As a general rule, a petitioner cannot file a 'second or successive' § 2255 motion in a district court without prior authorization from the appropriate court of appeals." *McPherson v. United States*, No. 19-cv-8635 (WHP), 2020 WL 2765914, at *3 (S.D.N.Y. May 28, 2020) (quoting 28 U.S.C. § 2255(h)). While not every subsequent § 2255 motion will qualify as a "second or successive" habeas petition, "[g]enerally, a § 2255 petition is 'second or successive' if a prior § 2255 petition, raising claims regarding the same conviction or sentence, has been decided on the merits." *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998). "This remains true even if the later petition purports to raise new claims." *Id.*

Over four years ago, the Court addressed Samuels's initial § 2255 petition on the merits. (*See* Doc. No. 343 at 17–26.) Although Samuels's new letter is not explicitly framed as a § 2255 petition, "[p]etitioners may not circumvent section 2255(h) by re-labeling their section 2255 motions." *Avendano v. United States*, No. 02-cr-1059 (LTS), 2014 WL 7236063, at *2 (S.D.N.Y. Dec. 19, 2014). Because Samuels's letter attacks the validity of his underlying conviction for "Lack of Personal Jurisdiction" (Samuels Letter at 1), the Court concludes that it is a successive habeas petition that must be transferred to the Court of Appeals so that the Second Circuit can determine whether to permit such a petition here. *See Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996) (holding that "when a second or successive . . . § 2255 motion is filed in the district court without . . . authorization[,] . . . the district court should transfer the petition . . . to th[e] [Court of Appeals] in the interest of justice pursuant to § 1631").

### III. Conclusion

For the foregoing reasons, Samuels's motion for compassionate release is DENIED without prejudice, and his letter request is TRANSFERRED to the United States Court of Appeals for the Second Circuit. The Clerk of Court is respectfully directed to terminate the motions

pending at Doc. Nos. 434 and 448.  In addition, the Clerk of Court is respectfully directed to transfer Samuels's successive habeas petition, Doc. No. 448, to the Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631.  If the Second Circuit authorizes Samuels to proceed with his successive petition, he may move to reopen the proceeding under docket number 12-cv-7362.  Lastly, the Clerk of Court is respectfully directed to mail a copy of this Order to Samuels.

SO ORDERED.

Dated:     December 28, 2020
           New York, New York

                                        RICHARD J. SULLIVAN
                                      UNITED STATES CIRCUIT JUDGE
                                      Sitting by Designation